**Donna Rae BACON, Plaintiff,**

v.

**Forsyth BACON, Jr., Defendant.**

**No. 73-640.**

United States District Court,
D. Oregon.

Oct. 25, 1973.

George P. Haley, Carney, Haley, Probst & Lebak, Portland, Or., for plaintiff.

Ronald A. Watson, Donald C. Walker, Portland, Or., for defendant.

BURNS, District Judge:

Mrs. Bacon, Plaintiff, a citizen of Oregon, sues to recover general and punitive damages from Mr. Bacon, her former husband, a citizen of Washington, for intentional infliction of mental anguish, which is said to have occurred from the time of their divorce eight years ago to the present. The extent of the post-marital discord which spawned this action is apparent on the face of the complaint:

"On or about the 4th day of October, 1965, and at repeated and frequent intervals thereafter, and up until the date of this filing, the Defendant did intentionally and maliciously withhold support payments from the Plaintiff, attempt to alienate the Plaintiff's children from her, failed to provide parental care and guidance to the children of the Plaintiff and Defendant when called upon so to do, subjected the Plaintiff and their children to live in conditions unwarranted by the ability of the Defendant to provide for them, lied to the children concerning the Plaintiff's morals and mental and emotional stability, and by other examples of extreme and outrageous conduct subjected the Plaintiff to public humiliation and personal shame." (Paragraph II, Complaint)

Stripped of its verbiage, this is no more—and no less—than a domestic relations case. While it may be true, as Plaintiff's counsel has urged, that there are instances where estranged parties may properly sue each other in federal courts, this is not one. This case is not the result of separate transactions between the parties where, for example, one may default on a contract, "executed after arms length negotiations," as counsel has suggested by way of analogy. Indeed, it is the Court's distinct impression that the Bacons never have been at "arms length." The language of the complaint shows this to be part of an ongoing series of disputes centering around the dissolved but still stormy relationship and the status of—and harm to—their children.

Apparently, Plaintiff is so disturbed by Defendant's disobedience of prior state court orders as to support payments, and related matters, that she seeks to invoke what she expects will be the more awesome power of the federal courts. That motive notwithstanding, if this case were allowed to be maintained, United States District Courts would be deluged with domestic relations cases, all containing initially colorable tort claims of "extreme and outrageous conduct resulting in severe emotional distress" where the parties have placed the Columbia River (or another state border) between themselves in an attempt to escape each other.

For this and other policy reasons, a judicial exception to federal jurisdiction has been created with respect to intra-family feuds. In re Burrus, 136 U.S. 586, 593–594, 10 S.Ct. 850, 34 L.Ed. 500 (1890). This policy was summarized in a recent case from this circuit, where even though the parties had *never* been married, the issues involved paternity and child support.

"State courts deal with these problems daily and have developed an expertise that should discourage the intervention of federal courts. As a matter of policy and comity, these local problems should be decided in state

courts. Domestic relations is a field peculiarly . . . unsuited to control by federal courts." Buechold v. Ortiz, 401 F.2d 371, 373 (9 Cir. 1968).

Even where the Plaintiff meets the standard diversity jurisdiction requirements of 28 U.S.C. § 1332(a), as is apparently the case here, courts have consistently declined to entertain suits grounded in marital disputes. This "abstention" has been explained by Professor Wright as involving an area ". . . of the law in which the states have an especially strong interest and a well-developed competence for dealing with them" Wright, Federal Courts, § 25 at 84. See, also, Magaziner v. Montemuro, 468 F.2d 782, 787 (3 Cir. 1972).

Even though Defendant's motion to dismiss mentioned lack of jurisdiction of subject matter, his memorandum cited no cases and his attorney did not argue the domestic relation exception to diversity jurisdiction. But the Court, on its own motion, concludes that Plaintiff will have to try to cook her Bacon in State Court if she has the facts to fuel the fire of her purpose. For these reasons

It is ordered that Plaintiff's complaint and this case is dismissed.