**Clifford Chester BROWN, Plaintiff-Appellant,**

v.

**Ellen F. HAMMONDS, a/k/a Elizabeth F. Brown and Ellen Hammonds Brown, Defendant-Appellee.**

No. 84–1368

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1984.

Vladimir Verhovskoy, San Diego, Cal., for plaintiff-appellant.

Akin, Gump, Strauss, Hauer & Feld, Laura Lynn Rodenburg, Dallas, Tex., for defendant-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

The district court granted the defendant wife's motion to dismiss the plaintiff husband's suit for want of jurisdiction over the subject matter. The trial judge did so under the judicially-created exception from federal jurisdiction of domestic relations cases. *Jagiella v. Jagiella*, 647 F.2d 561, 564–65 (5th Cir.1981); 13 Wright, Miller, and Cooper, Federal Practice and Procedure, § 3609 (1984). We affirm.

(1)

The plaintiff husband, a citizen of California, sues as defendant his wife, a resident of Texas. Alleging that the civil action involves a sum in excess of ten thousand dollars, he based jurisdiction on diversity, 28 U.S.C. § 1332.[1] He alleges several causes of action:

*1.* He alleges that his wife breached an antenuptial agreement of October 15, 1980 "by failing to incorporate [it] in her Texas divorce decree" of July 20, 1982, and by in so failing to recognize the antenuptial agreement's provision that during the marriage the income from their respective separate properties would be held and owned as community property of the parties during the continuance of the marriage. Complaint, ¶ XI. He prays for damages for breach of this agreement.

*2.* He prays for declaratory relief as to whether Texas or California had prior jurisdiction, as between *his* California-instituted divorce action and *her* Texas-instituted divorce action.[2]

The plaintiff's contention of "federal question of jurisdiction between two different states and the Due Process Clause," Par. V of complaint, amounts to a complaint that his wife's Texas divorce suit unfairly primed his own California dissolution suit because Texas law vested jurisdiction upon the filing of the action, whereas California law instead based jurisdiction solely upon service of process (which in the case of his California suit occurred six days after the defendant wife had filed her Texas divorce suit, in which service of process was not made for about six weeks). The husband's California dissolution suit had been dismissed by the California state court, upon its finding that the prior Texas *judgment* granting divorce in the wife's suit barred the California suit on the jurisdiction question.

Pretermitting other deficiencies in the plaintiff's position, we are cited to no authority and can find little logic to support his contentions that due process rights are implicated by these

---

1. The plaintiff also alleges federal question jurisdiction, 28 U.S.C. § 1331, an allegation without merit on the face of his petition. *See* note 2 *supra.*

2. This cause of action, and the following ("3") cause of action, are the basis of the plaintiff's allegation in his complaint of federal question jurisdiction, 28 U.S.C. § 1331, wherein he cites the civil action as arising under the Due Process Clause of the Fourteenth Amendment and under Article III, Section 2, of the United States Constitution.

He relies upon the provision of Article III, Section 2, that provides that the judicial power of the federal courts "shall extend to ... controversies between two or more States." This provision has been uniformly applied only as to litigation between two *states* themselves, 17 Wright, Miller, and Cooper, Federal Practice and Procedure, § 4045 (1978), and even as to these the Supreme Court has original and exclusive jurisdiction, 28 U.S.C. § 1251(a).

*3.* He prays for declaratory relief holding violative of the Fourteenth Amendment Due Process Clause the provision of Texas law that its divorce jurisdiction attached at the *filing* of a divorce suit, claiming that he was prejudiced as being subject to his wife's divorce judgment that was "based on jurisdiction attaching before [he] had any notion that he was the responding party in a Texas divorce proceeding." Complaint ¶ XXXI. *See* note 2 *supra.*[3]

*4.* He prays for declaratory relief with regard to the validity of the wife's Texas divorce judgment (which, *see* note 3 *supra,* had been reversed on state appeal and remanded for state retrial), because the wife allegedly concealed from the Texas court (that had determined property rights of the spouses) the existence of the antenuptial agreement that had created property rights in him.

*5.* He prays for declaratory relief voiding his obligation on a promissory note that he had executed in favor of his wife as a result of the antenuptial agreement, contending that he had done so on his wife's false representations in that she "did not intend to abide by the oral or subsequently executed written agreement with Plaintiff in the event that the marriage was dissolved," which antenuptial agreement was not mentioned or incorporated in his wife's Texas divorce judgment. Complaint, ¶ XXXIII.

### (2)

As can be seen, the plaintiff husband's causes of action asserted by this federal suit are integral to the matters to be decided in the wife's Texas divorce suit, now pending for retrial (and, probably, although not as clearly shown by the present record, in the husband's California dissolution proceeding), in which the demands include a judicial determination of the property rights of the parties, including properties affected by the antenuptial agreement.

The causes of action here asserted seem to fall clearly within those traditionally held to be within the judicially-created domestic relations exception, whereby federal courts decline to adjudicate such disputes even though the requirements for diversity jurisdiction are present. 13 Wright, Miller, and Cooper, *supra,* § 3609.

"The reasons for federal abstention in [domestic relations] cases are apparent: the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." *Crouch v. Crouch,* 566 F.2d 486, 487 (5th Cir.1978). Relevantly descriptive of the present suit, "[s]tripped of its verbiage, this is no more—and no less—than a domestic relations case.... The language of the complaint shows this to be part of an ongoing series of disputes centering around the dissolved but still stormy [marital] relationship," and thus falling within the "judicial exception to federal jurisdiction [that] has been created with respect to intra-family feuds." *Jagiella v. Jagiella,* 647 F.2d 561, 565 (5th Cir.1981).

*Conclusion*

Accordingly, we AFFIRM the district court judgment dismissing this suit because of the want of federal subject matter jurisdiction.

AFFIRMED.

---

differences in the state statutes, or that a federal question is somehow presented because in litigation between two private parties there is a conflict of state procedural laws in the two forums in which the parties are conducting their litigation.

**3.** However, he admits that he received service of this Texas divorce suit on February 10, 1982, Complaint ¶ XIX, long in advance of the Texas divorce judgment. That judgment, subsequent to filing of this suit, was reversed and remanded for retrial by a Texas intermediate court on October 27, 1983, as was educed on further showings made in the federal trial court prior to that court's judgment of dismissal now before us on appeal.