BOLTON v JONES

Docket No. 84364. Submitted March 11, 1986, at Detroit. Decided December 15, 1986. Leave to appeal applied for.

Nellie Bolton, as personal representative of the estate of Shaniqua Baskin, deceased, and as next friend of Takara Bolton, a minor, brought an action in the Wayne Circuit Court against Cyril Jones, M.D., and Robert Temple. Plaintiff alternatively alleged negligence and malpractice relating to defendants' actions as employees of the juvenile division of the Wayne Probate Court. Shaniqua Baskin died and Takara Bolton sustained injuries from beatings inflicted by their father, shortly after the probate court, on the basis of defendants' recommendations, dismissed a petition alleging child abuse. The trial court, Patrick J. Duggan, J., granted defendants' motion for summary judgment, ruling that: (1) defendants were entitled to governmental immunity; (2) no physician-patient relationship existed between defendants and the children; and (3) defendants were provided with immunity from suit under a juvenile court rule. Plaintiff appealed.

The Court of Appeals *held:*

1. On the basis of plaintiff's allegations, the Court of Appeals could not readily conclude that defendants were performing discretionary-decisional acts, as opposed to ministerial-operational acts, so as to entitle them to governmental immunity from tort liability. Therefore, the trial court's grant of summary judgment on the basis of governmental immunity was improper.

2. The trial court properly granted summary judgment on

REFERENCES

Am Jur 2d, Courts §§ 82-86.

Am Jur 2d, Municipal, School, and State Tort Liability §§ 45 *et seq.;* 85.

Am Jur 2d, Pleading §§ 230-237.

Am Jur 2d, Public Officers and Employees §§ 371 *et seq.*

Governmental tort liability for social service agency's negligence in placement, or supervision after placement, of children. 90 ALR3d 1214.

See also the annotations in the Index to Annotations under Negligence; Privileged and Confidential Matters.

plaintiff's malpractice claim. No physician-patient relationship, which is necessary to subject either defendant to liability for malpractice, existed between either defendant and the children. However, the absence of such relationship has no bearing on plaintiff's negligence claim. Under certain circumstances, a psychiatrist or a social worker, such as defendants, may owe a duty to children, who foreseeably may be injured by a person suspected of child abuse, to conduct their investigation and to make their recommendation with due care regarding whether it would be in the childrens' best interest to remain with the person or persons suspected of child abuse. Therefore, summary judgment on plaintiff's negligence claim was improper.

3. The juvenile court rule upon which defendants claimed immunity only applies to actions for defamation. The court rule, therefore, does not apply to plaintiff's action and summary judgment on the basis of the court rule was improper.

Reversed and remanded.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE
   A CLAIM — COURT RULES.

   A motion for summary judgment for failure to state a claim upon which relief can be granted seeks to test the genuineness of a claim or defense by challenging the legal adequacy of the pleadings; the standard to be applied in considering such motion is whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery (GCR 1963, 117.2[1], now MCR 2.116[C][8]).

2. GOVERNMENTAL IMMUNITY — TORT LIABILITY.

   A lower level official, employee, or agent of a governmental entity is immune from tort liability only when he is: (1) acting during the course of his employment and acting, or reasonably believes he is acting, within the scope of his authority; (2) acting in good faith; and (3) performing discretionary-decisional, as opposed to ministerial-operational acts.

3. NEGLIGENCE — CHILD ABUSE — PROBATE COURT INVESTIGATORS —
   DUTY.

   A psychiatrist or social worker employed by a probate court to investigate and make a recommendation as to the placement of a child who is the subject of a petition alleging abuse by his parent may, under certain circumstances, owe the child a duty to conduct his investigation with due care and to likewise make a recommendation whether it would be in the child's best interest to remain with the parent suspected of child abuse.

4. Courts — Juvenile Court Rules — Privileged Information — Probate Courts.

The court rule providing that testimony, reports or other information furnished at the request of the probate court following the authorization of a petition shall be considered privileged with respect to the person or agency furnishing the information does not give such person or agency immunity from all suits, but only immunity from actions for defamation (JCR 1969, 7.2[E][4], now MCR 5.907[B][6]).

*Mogill, Posner, Cohen & Weiss* (by *Marjory B. Cohen* and *Kenneth M. Mogill*), for plaintiff.

*Schurman, Frakes, Glass & Wulfmeier* (by *Cheryl L. Chandler*), for Cyril Jones, M.D.

*John D. O'Hair,* Wayne County Corporation Counsel, and *Glen H. Downs,* Assistant Corporation Counsel, for Robert Temple.

Before: T. M. Burns, P.J., and Wahls and T. R. Thomas,* JJ.

Per Curiam. Plaintiff Nellie Bolton, as personal representative of the Estate of Shaniqua Baskin, deceased, and as next friend of Takara Bolton (formerly Baskin), appeals as of right from the circuit court's grant of summary judgment in favor of defendants.

This case arises out of the Baskin family's contact with the juvenile division of the Wayne Probate Court. The Baskin family was originally comprised of Mr. Arthur Baskin II, Mrs. Gloria Baskin, and their two children, Shaniqua Baskin and Takara Baskin. Plaintiff Nellie Bolton is the mother of Mrs. Baskin.

In September, 1978, based on allegations of physical abuse, a petition was filed with the juve-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nile division of the probate court. Soon thereafter, a juvenile court referee found the children to be within the provisions of the Juvenile Code on the basis of abuse and neglect. The probate court exercised jurisdiction over the children, but allowed them to remain at home under the supervision of the court's abuse unit. The parents were ordered to submit to clinical evaluations, to attend PACT meetings (Parents And Children Together), and to receive family counseling.

Defendant Robert Temple is a social worker employed by the juvenile division. Pursuant to the court order, the juvenile division's abuse unit investigated the case. Defendant Temple was assigned to investigate the family and file a report. Based on weekly visits to the Baskin home (which appeared to total thirteen in number), interviews with Mr. and Mrs. Baskin, observations of interaction between the parents and children, and the report of defendant Jones, Temple recommended that the family continue with family counseling on their own and that the case be dismissed.

Defendant Cyril Jones, M.D., is a licensed practicing physician within the State of Michigan. Defendant Jones is a board certified psychiatrist employed at the juvenile division's Clinic for Child Study. Pursuant to the court order, a request was made that the Clinic for Child Study evaluate Mr. and Mrs. Baskin. Defendant Jones was assigned to do the evaluation. Apparently based upon one office interview with Mr. and Mrs. Baskin and references to Temple's reports, defendant Jones concluded that there was no continuing need for supervision of the Baskin family.

In January, 1979, the probate court held a hearing on the matter. After considering the reports of defendants Temple and Jones, and other factors mandated by statute, the probate court decided to

adopt Temple's recommendation and dismiss the petition regarding the Baskin children.

On March 15, 1979, Shaniqua Baskin, then 2½ years old, died after being beaten by her father. Takara Bolton, then approximately 1½ years old, was allegedly also beaten on a frequent basis by her father.

On October 22, 1981, Nellie Bolton filed a complaint against defendants in the circuit court seeking damages for the injuries and death of Shaniqua Baskin, and for the injuries sustained by Takara Bolton. The complaint contained two sets of similar allegations pursuant to alternative theories of negligence and malpractice. Plaintiff alleged that defendants breached their applicable duties of care in the following manner:

a. By failing properly and adequately to inspect the premises in question;

b. By failing properly and adequately to interview Arthur Baskin II and Gloria Baskin, the parents of Plaintiff's decedent and Plaintiff-Minor;

c. By failing properly and adequately to conduct an investigation to insure the safety and physical and emotional health of Plaintiff's decedent and Plaintiff-Minor;

d. By failing adequately and properly to investigate and review the medical and psychiatric history and records of Arthur Baskin II and Gloria Baskin prior to recommending termination of the temporary wardship of Plaintiff's decedent and Plaintiff-Minor;

e. By failing properly and adequately to assess and evaluate the stability and emotional health of Arthur Baskin II and Gloria Baskin;

f. By failing properly and adequately to make reports and recommendations to the Wayne County Probate Court, Juvenile Division, about the danger to Plaintiff's decedent and Plaintiff-Minor from remaining in the same home as Arthur Baskin II and Gloria Baskin;

g. By failing to report to the Michigan Department of Social Services and/or the Wayne County Probate Court, Juvenile Division, all suspected or known instances of abuse of Plaintiff's decedent and/or Plaintiff-Minor; and

h. By recommending to the Wayne County Probate Court, Juvenile Division, that the temporary wardship of Plaintiff's decedent and Plaintiff-Minor be ended.

Defendants filed responsive pleadings and thereafter moved for summary judgment. The circuit court granted summary judgment in favor of defendants on three different grounds. The court held that defendants were entitled to summary judgment because: (1) defendants were entitled to governmental immunity; (2) no physician-patient relationship existed between defendants and the children; and (3) defendants were provided with immunity by JCR 1969, 7.2(E)(4).

Plaintiff now appeals as of right from the grant of summary judgment. Plaintiff argues that the allegations contained in the complaint were sufficient to withstand summary judgment. Contrarily, defendants argue that plaintiff has failed to allege facts sufficient to withstand a motion for summary judgment. We agree with plaintiff and find that summary judgment was improperly granted.

In reviewing a grant of summary judgment under GCR 1963, 117.2(1), now MCR 2.116(C)(8), for failure to state a claim upon which relief can be granted, this Court is obligated to accept as true all well-pled facts and to determine whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984), cert den sub nom *E R Squibb & Sons v Abel,* — US —; 105 S Ct 123; 83 L Ed 2d 65

(1984). A motion for summary judgment under GCR 1963, 117.2(1) seeks to test the genuineness of a claim or defense by challenging the legal, not factual, adequacy of the pleadings. *Id.*

### GOVERNMENTAL IMMUNITY

Persons who are not judges, legislators, or high executive officials, but rather are lower level officials, employees, or agents of governmental entities are immune from tort liability only when they are: (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary-decisional, as opposed to ministerial-operational, acts. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 592, 633-634; 363 NW2d 641 (1984).

We find that plaintiff alleged facts sufficient to avoid summary judgment on the ground of governmental immunity. On the basis of the allegations, we cannot conclude that defendants were performing discretionary-decisional acts, as opposed to ministerial-operational acts. Plaintiff alleged that defendants did not properly and adequately inspect, interview, and investigate. Plaintiff also alleged that defendants failed to adequately and properly investigate and review both parents' medical and psychiatric histories and records.[1]

In determining that these allegations are sufficient to withstand summary judgment, we find the reasoning of this Court in *Davis v Lhim (On Remand),* 147 Mich App 8; 382 NW2d 195 (1985), lv gtd 425 Mich 851 (1986), and *Vitale v Reddy,*

---

[1] We note that defendants did not move for a more definite statement in accord with GCR 1963, 115.1 and that they do not allege that the pleading failed to conform to the requirements of the court rules.

150 Mich App 492; 389 NW2d 456 (1986), to be persuasive. In those cases, this Court stated: "A professional, otherwise liable because he or she has deviated from the appropriate standard of care, cannot contend that he or she has discretion to violate that standard." We believe that this is true of professionals and nonprofessionals alike. Defendants had the duty to gather enough relevant and reliable information on which to make an informed recommendation. Once either defendant chose to inspect, interview, or investigate, such inspection, interview, or investigation should have been conducted properly. While each defendant could choose the best method for carrying out his duties, the actual performance of those duties was required to be done in a conscientious and appropriate manner.

Thus, summary judgment was inappropriate on this ground.

### ABSENCE OF PHYSICIAN-PATIENT RELATIONSHIP

The trial court's second basis for the grant of summary judgment was that there was an absence of a physician-patient relationship. Technically, this ground would apply only to defendant Jones. However, the real question in this regard is whether either defendant owed a duty to the children to use reasonable care to prevent them from receiving harm from a third person. We hold that defendants owed a duty of care to the children in this case.

First, the trial court's reliance on the absence of a physician-patient relationship was misplaced. In addition to malpractice, plaintiff's complaint asserted a claim of negligence. While the trial court may have correctly granted summary judgment in regard to the malpractice claim, summary judg-

ment was improperly granted in regard to plaintiff's claim of negligence. In *Rogers v Horvath,* 65 Mich App 644, 646-647; 237 NW2d 595 (1975), lv den 396 Mich 845 (1976), this Court stated:

> The term "malpractice" denotes a breach of the duty owed by one in rendering professional services to a person who has contracted for such services; in physician-malpractice cases, the duty owed by the physician arises from the physician-patient relationship. No such relationship existed in the case at bar. Defendant was employed by General Motors to examine one of its employees in preparation for a workmen's compensation hearing. Plaintiff did not employ the defendant, nor did she seek or receive medical advice or treatment. Under such circumstances, the defendant did not owe plaintiff any duty arising from a physician-patient relationship. This is not to say that a physician who examines a person for reasons other than diagnosis or treatment and for the benefit of some one other than the examinee owes no duty of due care to that person. Rather, we hold that the physician in such a case does not owe such a duty of care as will subject him to liability for malpractice.

Because plaintiff asserted a claim of negligence, the absence of the physician-patient relationship is not an adequate ground for a complete grant of summary judgment in this case. While the psychiatrist may not have owed such a duty of care as would subject him to liability for malpractice, that is not to say that he owes no duty of care to the children.

Therefore, we must also determine whether a psychiatrist or a social worker who is employed in connection with child abuse cases owes a duty of care to children who are injured by the person or persons suspected of abuse. A review of analogous

Michigan case law convinces us that under certain circumstances, a psychiatrist or a social worker may owe a duty of due care to such children. We find the policies expressed in *Davis v Lhim,* 124 Mich App 291, 298-307; 335 NW2d 481 (1983), remanded for reconsideration on other grounds 422 Mich 875 (1985), lv gtd after decision on remand 425 Mich 851 (1986), *Duvall v Goldin,* 139 Mich App 342; 362 NW2d 275 (1984), lv den 422 Mich 976 (1985), and *Welke v Kuzilla,* 144 Mich App 245; 375 NW2d 403 (1985), lv to appeal applied for, to be convincing on this issue.

In *Davis v Lhim,* 124 Mich App 291, 299, this Court noted that, as a general principle, a defendant owes a duty of care to all persons who are foreseeably endangered by his conduct, with respect to all risks which make the conduct unreasonably dangerous. However, the *Davis* Court also noted that under general common law, no one owes any duty to protect an individual who is endangered by a third person unless he has some special relationship with either the dangerous person or the potential victim. 124 Mich App 299. On the other hand, the Court further noted that where a third person causes harm, Michigan law may hold the defendant liable for that person's act even if the defendant bears a special relationship to neither the third person nor the victim. 124 Mich App 300. All three cases, *Davis, Duvall* and *Welke,* relied to some extent on the degree of foreseeability that the defendants' conduct would create a risk of harm to the victims. See also *McKnight v Carter,* 144 Mich App 623, 632; 376 NW2d 170 (1985), lv den 424 Mich 859 (1985), and *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977). The children in this case were extremely foreseeable plaintiffs. Defendants' services were requested by the court for the protec-

tion and benefit of these two children. Defendants' inspections, interviews, and investigations were undertaken for the purposes of assessing the situation and providing recommendations as to whether the home would be a safe and fit place for the children to live and whether placement with their parents would be in their best interests. These children are readily identifiable as persons who would be foreseeably endangered by either defendant's negligent performance of his obligations to the probate court. The duty owed to these children is readily recognizable. This is not a case where a duty is owed to members of the general public to protect them from the harmful conduct of a third person. The duty here is much closer.

Because plaintiff's allegations in this case indicate that a relationship existed between the defendants and the children which is sufficient to support a conclusion that defendants owed the children a duty of due care, summary judgment was improperly granted on this ground.

### JUVENILE COURT RULE 7.2(E)(4)

Finally, the trial court relied on JCR 1969, 7.2(E)(4), now MCR 5.907(B)(6), as providing a third ground for the grant of summary judgment. The trial court held that defendants were granted immunity from suit under the court rule. We disagree. The court rule provides absolute immunity with respect to defamatory statements only. The court rule does not provide immunity for negligent acts.

JCR 1969, 7.2(E)(4) stated:

> Testimony, reports or other information furnished at the request of the court following authorization of a petition, shall, with respect to the

person or agency furnishing such information or results of examination, be considered absolutely privileged provided they are pertinent and material to the proceedings. Persons or agencies providing such testimony, reports, or information shall be immune from any subsequent legal action with respect to furnishing such testimony, reports, or other information to the court. Such absolute privilege shall extend to any person or agency who shall, upon request of the court, furnish such testimony, report, or information with respect to any child regarding whom a petition has been authorized, or any other person, party, or agency who is alleged to have caused or tended to cause the child to come within, or to remain under, the provisions of the Juvenile Code. Nothing herein shall preclude opportunity for cross-examination or other proper procedure for testing such proffered testimony, reports or other information.

Several considerations lead us to the conclusion that the court rule is applicable only to defamation claims. First, the rule refers to "testimony, reports or other information," i.e., spoken or written words. The court rule does not purport to apply to the performance or nonperformance of acts. Second, in regard to such testimony, reports, or other information, the court rule indicates that such communications are to be considered "absolutely privileged." "Privileged" is a term consistently employed in the law of defamation. See *Lawrence v Fox*, 357 Mich 134, 136-137; 97 NW2d 719 (1959). So also is the term "absolute privilege," or "absolutely privileged." See *Timmis v Bennett*, 352 Mich 355; 89 NW2d 748 (1959). Third, the notes which accompanied the court rule when it was adopted by the Supreme Court indicate that the rule was intended to provide an absolute exemption from liability in actions for defamatory words. See 381 Mich cxxvii-cxxviii.

In the present case, plaintiff has not asserted a defamation claim. Therefore, JCR 1969, 7.3(E)(4) is inapplicable and the trial court erred in granting summary judgment to defendants on this ground.

### CONCLUSION

None of the grounds asserted by the trial court support the grant of summary judgment in favor of defendants. The case is therefore remanded to the trial court for further proceedings.

Reversed and remanded.