BOLTON v JONES (ON REMAND)

Docket No. 110649. Submitted August 4, 1988, at Lansing. Decided
December 19, 1988. Leave to appeal applied for.

Nellie Bolton, as personal representative of the estate of Shani-
qua Baskin, deceased, and as next friend of Takara Bolton
formerly Baskin, a minor, brought an action in the Wayne
Circuit Court against Cyril Jones, M.D., and Robert Temple,
employees of the probate court. Plaintiff alleged negligence and
malpractice in that both defendants improperly recommended
to the probate court that a child abuse petition against Shani-
qua's and Takara's parents be dismissed, that the court, relying
on the recommendations, dismissed the petition, and that Shan-
iqua and Takara were subsequently beaten by their father and
that Shaniqua died as a result of such a beating. The plaintiff's
complaint alleged that defendants negligently investigated for
and evaluated the potential danger of child abuse in the event
of a dismissal of the petition. The trial court, Patrick J.
Duggan, J., granted defendants' motion for summary judgment,
ruling that defendants were entitled to governmental immu-
nity, no physician-patient relationship existed between defen-
dants and the children, and defendants were provided with
immunity from suit under a juvenile court rule. Plaintiff ap-
pealed. The Court of Appeals held that defendants were not
entitled to the protection of governmental immunity, 156 Mich
App 642 (1986). Defendants sought leave to appeal to the
Supreme Court, which remanded for further consideration, 431
Mich 856 (1988).

On remand, the Court of Appeals held:

Acts are not discretionary-decisional and thus protected by
governmental immunity where the actor fails to consider all of
the appropriate criteria and thus the decision to act is not an
informed one. Plaintiff's complaint alleges a cause of action for

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
§§ 111 et seq.

Tort liability of public authority for failure to remove parentally
abused or neglected children from parents' custody. 60 ALR4th
942.

which defendants are not entitled to governmental immunity from liability.

Reversed.

DANHOF, C.J., dissented. He would hold defendants harmless from liability for their discretionary-decisional decisions without requiring them to prove that their decisions were discretionary because those decisions were based on a certain amount of information. He would affirm.

GOVERNMENTAL IMMUNITY — DISCRETIONARY-DECISIONAL ACTS — INFORMED DECISIONS.

A lower level official, employee, or agent of a governmental entity is immune from tort liability only when he is (1) acting during the course of his employment and acting, or reasonably believes he is acting, within the scope of his authority, (2) acting in good faith, and (3) performing discretionary-decisional, as opposed to ministerial-operational acts; acts are not discretionary-decisional and thus protected by governmental immunity where the actor fails to consider all of the appropriate criteria and thus the decision to act is not an informed one.

*Kenneth M. Mogill,* for plaintiff.

*Schureman, Frakes, Glass & Wulfmeier* (by *Cheryl L. Chandler*), for defendant Jones.

*Samuel A. Turner,* Corporation Counsel, and *Janet Anderson-Davis,* Assistant Corporation Counsel, for defendant Turner.

ON REMAND

Before: DANHOF, C.J., and WAHLS and MURPHY, JJ.

WAHLS, J. This case comes before us on remand from the Supreme Court "for reconsideration in light of *Canon v Thumudo, Davis v Lhim,* and *Hall v Han,* 430 Mich 326 [422 NW2d 688] (1988)." *Bolton v Jones,* 431 Mich 856 (1988). In our earlier opinion, we reversed the Wayne Circuit Court's grant of summary disposition in favor of defendants Cyril David Jones, M.D., and Robert Temple.

Upon reconsideration in light of the Supreme Court's decision in the consolidated cases cited above, we again conclude that the trial court erred in granting summary disposition to the governmentally employed defendants in this case on the basis of entitlement to the protection of employee immunity from tort liability. *Ross v Consumers Power Co (On Remand)*, 420 Mich 567, 592, 633-634; 363 NW2d 641 (1984).

The facts in this case were set forth in our earlier opinion, *Bolton v Jones*, 156 Mich App 642, 644-647; 401 NW2d 894 (1986). Essentially, plaintiff sued Dr. Jones, a psychiatrist employed by the Clinic for Child Study of the Wayne Probate Court's juvenile division, and Mr. Temple, a state-licensed social worker employed by the juvenile division, for negligence and malpractice, alleging that both men had improperly recommended to the probate court that a certain child abuse petition against Arthur Baskin and Gloria Baskin be dismissed. Relying, in part, on the recommendations of Jones and Temple, the probate court, in January, 1979, dismissed the child abuse petition regarding the Baskins' two children, Shaniqua and Takara. In March, 1979, Shaniqua, then 2½ years old, died after being beaten by her father, Arthur Baskin, who also allegedly had been beating his daughter Takara on a frequent basis. In October, 1981, Nellie Bolton, as personal representative of the estate of Shaniqua Baskin and as next friend of Takara Baskin, filed suit in the Wayne Circuit Court, claiming, among other things, that defendants had negligently investigated for, and evaluated the potential danger of, child abuse in the event the Baskin children were placed in the charge of their parents without the benefit of court supervision.

In our earlier opinion we, relying heavily on *Davis v Lhim (On Remand),* 147 Mich 8; 382 NW2d 195 (1985), lv gtd 425 Mich 851 (1986), concluded that defendants in this case—assuming that, as plaintiff alleged, defendants had been negligent in failing to "properly and adequately inspect, interview, and investigate" regarding the Baskin children's safety with their parents and to "adequately and properly investigate and review both parents' medical and psychiatric histories and records"—had not performed discretionary-decisional acts, as opposed to ministerial-operational acts, and thus were not entitled to summary disposition on the basis of employee immunity. 156 Mich App 648. Under *Ross, supra,* lower-level governmental employees, such as defendants in this case, are immune from tort liability if, in addition to having acted or having reasonably believed to have been acting during the course of employment and in good faith, they were performing discretionary-decisional, as opposed to ministerial-operational, acts. In our earlier opinion we stated that an employee could not "deviate from the appropriate standard of care" and thereafter avoid liability merely by claiming to have the "discretion to violate that standard," and declared that "[o]nce either defendant chose to inspect, interview, or investigate, such inspection, interview, or investigation should have been conducted properly." 156 Mich App 649.

In the portion of the opinion in *Canon, supra,* regarding the *Davis* case, the Supreme Court reversed this Court's decision and remanded the case to the trial court for entry of judgment in favor of the defendant psychiatrist. The psychiatrist in *Davis* had determined that a voluntarily hospitalized psychiatric patient did not meet the statutory requirements for involuntary hospitalization, MCL

330.1401; MSA 14.800(401), and thus could be re-
leased in accordance with the patient's request.
Approximately one month after being released, the
patient shot and killed his mother. In reaching its
conclusion that the state-employed psychiatrist,
Dr. Yong-oh Lhim, was entitled to summary dispo-
sition on the basis of employee immunity from tort
liability, the Supreme Court, commenting on this
Court's earlier treatment of the issue, stated:

> Without focusing on whether the decision to
> release or initiate commitment proceedings re-
> quired the exercise of substantial discretion, the
> Court of Appeals majority concluded that Dr.
> Lhim's judgment was constrained by the "relevant
> standard of care . . . [the conduct] of a reasonable
> psychiatrist practicing medicine in the light of
> present-day scientific knowledge." *Davis,* 147 Mich
> App 15.
>
> We reiterate that the relevant inquiry is not
> whether the specific act complained of was negli-
> gent, but whether it was discretionary-decisional
> in nature. In other words, we ask whether Dr.
> Lhim was essentially engaged in decision making
> or in the execution of a treatment program or plan
> when he failed to involuntarily hospitalize Patter-
> son. [430 Mich 350.]

In a footnote, the Supreme Court clarified, how-
ever, that the psychiatrist's decision in *Davis* was
an informed decision, i.e., was a decision made
after consideration of all the statutory factors
regarding the discharge of a voluntarily hospital-
ized psychiatric patient, and was being challenged
by the plaintiff on the basis that the psychiatrist
"wrongly decided that the statutory criteria were
not satisfied." 430 Mich 351, n 15. Thus, in *Davis,*
according to the Supreme Court, the psychiatrist
had made an informed decision which, with the
benefit of hindsight, was characterized by the

plaintiff as being incorrect and, consequently, formed the basis of the plaintiff's tort claims. 430 Mich 352.

In the present case, we harbor no doubt that, had plaintiff merely alleged that defendants' decisions, while informed, were simply wrong, summary disposition could properly be granted to defendants on the ground that employee immunity barred liability. Under such a circumstance, the discretionary-decisional character of the recommendations would be obvious: since they involved the making of significant decisions and not merely the execution of a duty or order affording little or no choice, they would clearly be protected by employee immunity. Plaintiff in this case, however, claims that defendants' recommendations not only were wrong but that they were wrong because they were uninformed. In other words, plaintiff objects not only to *what* defendants recommended but to the fact *that* defendants recommended. Stated differently, plaintiff suggests that defendants' decisions could not have constituted discretionary-decisional actions because a truly judgmental or discretionary action cannot be performed without the decision maker's having considered all of the appropriate criteria. As already stated, plaintiff has alleged that defendants, prior to making their recommendations, failed to adequately interview and investigate the Baskins in order to be able to make informed recommendations concerning whether the child abuse petition should have been dismissed. Since defendants' motion was filed under GCR 1963, 117.2(1), now MCR 2.116(C)(8), for failure to state a claim upon which relief can be granted, this Court is obligated to accept as true plaintiff's allegations. *Mills v White Castle System, Inc,* 167 Mich App 202, 205; 421 NW2d 631 (1988). At trial, of course, or in an

appropriate motion, defendants may challenge the truthfulness of plaintiff's allegations in this matter. If such a challenge is successful, i.e., if it is shown that defendants made *informed* recommendations, then a verdict or judgment of summary disposition in defendants' favor could be entered. We decline to create precedent, however, for the proposition that an uninformed "decision" of a governmental employee constitutes a discretionary-decisional action which, for purposes of immunity, automatically protects the employee from tort liability.

The remaining issues which were raised on appeal by plaintiff and previously resolved by this Court are not affected by the Supreme Court's decision in *Canon, supra*. Accordingly, regarding those issues, we adopt the analyses set forth in our earlier opinion. 156 Mich App 649-654.

The circuit court's grant of summary disposition in favor of defendants is reversed, and the case is remanded for further proceedings.

MURPHY, J., concurred.

DANHOF, C.J. *(dissenting)*. The majority correctly notes that plaintiff's claims regarding defendants' decisions are barred by governmental employee immunity because those decisions were discretionary-decisional. The majority goes on to hold, in effect, that a governmental employee's decision is not discretionary-decisional unless it is "informed."

In our earlier opinion in this case, we stated that defendant Temple based his recommendation on about thirteen weekly visits to the Baskin home, interviews with Mr. and Mrs. Baskin, observations of interaction between the parents and children, and defendant Jones' report. Jones ap-

parently based his conclusion on an office interview with Mr. and Mrs. Baskin and references to Temple's reports. *Bolton v Jones,* 156 Mich App 642, 645; 401 NW2d 894 (1986), vacated 431 Mich 856 (1988).

I dissent because any plaintiff could use the majority's opinion as a basis for an argument that his or her claims regarding a governmental employee's decision are not barred because that employee should have conducted one more test or interview before deciding.

Plaintiff alleged that defendants failed to adequately interview and investigate the Baskins. The majority interprets these claims in an overly-broad manner in finding that plaintiff, in effect, claimed that defendants failed to make informed decisions. Our Supreme Court referred to "informed" decisions as decisions based on statutory criteria. See *Canon v Thumudo,* 430 Mich 326, 351, n 15; 422 NW2d 688 (1988); *Teasel v Dep't of Mental Health,* 419 Mich 390, 409; 355 NW2d 75 (1984). I find no reason to believe that defendants failed to make "informed" decisions.

The majority suggests that, although defendants' decisions were discretionary, some type of standards governed the amount of information that they should have obtained before making the decisions and the manner in which the information should have been obtained. The majority further suggests that defendants' alleged deviation from these standards was ministerial. Our Supreme Court rejected the theory advanced in *Davis v Lhim (On Remand),* 147 Mich App 8, 12-15; 382 NW2d 195 (1985), lv gtd 425 Mich 851 (1986), that any act of a professional which deviates from professional standards is, ipso facto, ministerial in nature. *Canon, supra,* p 334. Our Supreme Court stated:

To adopt such a definition for "ministerial" would come close to eliminating all immunity for professionals by confusing the issues of immunity and negligence. The distinction is significant. If every act which deviates from a professional norm were to be categorized as "ministerial," immunity would seldom shield professional discretion. Nothing in *Ross, supra,* [*Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984)] hints at such a drastic limitation on the scope of individual immunity. To the contrary, in *Ross,* we cited with approval Justice EDWARDS' observation in *Williams v Detroit,* 364 Mich 231, 261-262; 111 NW2d 1 (1961), that " '[d]iscretion implies the right to be wrong.' " *Ross, supra,* p 628. The very concept of immunity presupposes that the activities complained of may have been negligently performed—i.e., in violation of the requisite standard of care. In protecting significant decision making on the part of public employees from tort liability, *Ross* intended "to ensure that a decision-maker is free to devise the best overall solution to a particular problem, undeterred by the fear that those few people who are injured by the decision will bring suit." *Ross, supra,* p 631. Courts should take care not to confuse their separate inquiries into immunity and negligence. [*Canon, supra,* p 335.]

The majority's opinion appears to reestablish the definition of "ministerial" which our Supreme Court rejected in *Canon.* Decision makers will not be free to devise the best overall solutions to problems if they are forced to delay their decisions and conduct superfluous tests, interviews and investigations because of fear that they will be sued for an alleged failure to acquire sufficient information before deciding. Decision makers should not be forced to prove at trial or in an "appropriate" motion, as the majority suggests, that their professional expertise combined with their knowledge of

a particular case enabled them to make a discretionary decision.

I would affirm the lower court's grant of summary disposition in favor of defendants based on governmental employee immunity.