429 P.2d 504

William Lee SERNA and Sharon Lorraine Serna, Minors, by and through their guardian ad litem, Margaret Serna, and Margaret Serna, individually, and Catherine Lopez and Eleanor Lopez, minors, by and through their guardian ad litem, Charlotte Lopez, and Charlotte Lopez, individually, Appellants,

v.

STATEWIDE CONTRACTORS, INC., a foreign corporation, Appellee.

No. 1 CA–CIV 416.

Court of Appeals of Arizona.

June 20, 1967.

Rehearing Denied July 31, 1967.
Review Denied Oct. 13, 1967.

John J. Dickinson and Charles M. Brewer, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, by Terry D. Oehler and James Moeller, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal from the granting of a motion for summary judgment in favor of the defendant, Statewide Contractors, Inc. The plaintiffs are the widows and children of two unskilled laborers who were killed when a ditch they were digging caved in on them. The plaintiffs brought an action for wrongful death against the defendant employer, alleging that the deaths were the result of the employer's willful misconduct within the meaning of A.R.S. § 23–1022 and that plaintiffs were therefore exempted from the exclusive remedy provision of the Workmen's Compensation Act.

The trial judge granted the defendant's motion for summary judgment on the ground that A.R.S. § 23–1022 did not exempt the plaintiffs from the Workmen's Compensation Act. The question before this Court is whether the motion for summary judgment was properly granted.

A.R.S. § 23–1022 states:

"A. The right to recover compensation pursuant to the provisions of this chapter for injuries sustained by an employee shall be the exclusive remedy against the employer, except as provided by §§ 23–906 and 23–964, and except where the injury is caused by the employer's wilful misconduct and the act causing the injury is the personal act of the employer himself, or if the employer is a partnership, on the part of one of the partners, or if a corporation, on the part of an elective officer thereof, and the act indicates a wilful disregard of life, limb or bodily safety of employees, in which event the injured employee may, at his option, either claim compensation or maintain an action at law for damages.

"B. The term 'wilful misconduct' as employed in this section shall be construed to mean an act done knowingly and purposely with the direct object of injuring another."

◼ In reviewing the granting of a summary judgment, the evidence and all reasonable inferences which may be drawn from the evidence will be viewed in the light most favorable to the party against whom the judgment was rendered. Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17 (1964).

For the purpose of this opinion, we will set forth the facts substantially as they are stated in the Statement of Facts contained in the appellants' brief. The plaintiffs are the widows and children of two men killed when a 25-foot-deep ditch caved in burying them alive. Defendants in the trial court were the City of Tempe, for whom the ditch was being dug to lay a city sewer line and Statewide Contractors, Inc., the employer of the two men and the contractor hired by the City of Tempe to lay the line. The City of Tempe is not a party to this appeal. Plaintiffs chose to pursue their common law remedies and have not nor are they presently receiving funds from the Arizona Industrial Commission under the Workmen's Compensation Act. A.R.S. § 23–901 et seq. The decedents had not, prior to the accident, rejected the terms of the act as required by A.R.S. § 23–906.

The ditch was 25 feet deep and the sides were not sufficiently sloped or shored to prevent the sandy sides from caving in. The sides of the ditch had already caved in once, burying one of the decedents up to his waist. The decedents were instructed that in case of a cave-in they were to try to crawl inside the sewer pipe and then wait until they were dug out. When the ditch caved in decedents did, in fact, run

for the pipe as instructed, but they did not reach it. There was no safety ladder near the men at the place they were digging.

For five months prior to the accident inspectors of the Arizona Industrial Commission Accident Prevention Department had constantly warned defendant Statewide of the very conditions which caused the death of the decedents and had made recommendations for correction of the defects. The defendant-employer was warned that the sides of the ditch were not sloped properly, the side was sandy, more shoring was needed, and escape ladders should be placed every 25 feet. Thus, defendant Statewide was, in effect, warned that the ditch was a dangerous place in which to work.

The safety inspector stated in an affidavit:

"That on numerous occasions Statewide Contractors, Inc. was advised of unsafe conditions on the job in question, but that said Statewide Contractors, Inc. repeatedly ignored said warnings and that on two occasions the labor management safety committee met with the defendant, by and through its Vice President William McDermott, for the lack of compliance in remedying unsafe conditions in the ditch.

"That affiant knows of his own knowledge that at no time would Statewide Contractors, Inc. continue with corrective measures pertaining to the ditch after being advised. That on February 10, 1965, at approximately 2:00 p. m., Miguel Lopez and Leo Serna were caused to be killed, because of unsafe conditions in said ditch."

In his safety inspection report the safety inspector listed the dates of the safety recommendations as follows:

"The following is a summary of RECOMMENDATIONS submitted verbally and written to Mr. Hall, Mr. Robins and .Mr. Moreno (a foreman) at different times of inspections:

"September 11, a warning. of bad spots was made to Mr. Robins.

"October 1, no ladder in trench was brought to the notice of Mr. Hall.

"October 6, a warning to shore ditch was made.

"October 13, again, a recommendation was made for shoring to full depth of trench and also, again no ladder.

"October 21, again, it was pointed out no shoring, also a warning about dangerous way skip loader was operating.

"October 28, warning of boom crane operating near to power lines and to remove water can from rig.

"October 30, Superintendent Hall accusing us of harassing him on this job.

"November 4, again, the shoring of ditch was unsatisfactory.

"November 10, again, the shoring of ditch was unsatisfactory.

"December 8, Safety Inspector Holmes called A. J. Parker, Manager of Accident Prevention Department, and suggested a visit to the ditch site by the Labor Management Safety Committee.

"December 14, again, warned that ditch wasn't being Vee'd enough.

"December 17, visit of Labor Management Safety Committee made upholding recommendations made by Safety Inspector Holmes on December 8 and December 14.

"January 27, 1965, three members of Labor and Management Safety Committee with Moore and Parker inspected job site, see inspection report."

We have no difficulty in finding that the cave-in causing the deaths of the decedents was the direct result of the refusal to follow the safety recommendations of the Commission's inspectors:

"Affiant [the Safety Inspector] further states that *William McDermott, Vice-President of Statewide Contractors, Inc., was fully cognizant at all times prior to the death of Serna and Lopez* of improper shoring, lack of veeing and other safety devices in said ditch and that no action

was taken to correct faulty conditions." (emphasis supplied.)

The question then becomes whether these facts bring this case within the province of A.R.S. § 23–1022.

It is well settled that where a statute expressly defines certain words and terms used in the statute the court is bound by the legislative definition in all cases where the rights of the parties litigant are based upon that statute. County of Pima v. School District No. One, 78 Ariz. 250, 278 P.2d 430 (1954). The legislature has set two requirements which must be proved in order to exempt an employee from the Workmen's Compensation Act and permit recovery against the employer. The first is, the act must have been done knowingly and purposely. The second is, the act must have had the direct object of injuring another. Gross negligence, or wantonness amounting to gross negligence, is not sufficient to constitute a "willful act" under our statutory definition. It must be shown that the negligence or wantonness was accompanied by the intent to inflict an injury upon another person.

The attorneys for appellants contend that the failure of the agents of the defendant corporation to act was willful misconduct and if not willful misconduct then constructive intent or transferred intent would satisfy the requirement necessary for willful misconduct under our statute. There are indeed cases which state that the omissions complained of by appellants herein amounts to willful misconduct on the part of the person failing to act. The California court has stated:

"These cases differ factually from each other in that the dangerous act or omission of the employer is not of the same type. The same basic principle is enunciated in all of them, however, that an employer commits wilful misconduct when he 'turns his mind' to the fact that injury to his employees will probably result from his acts or omissions, but he nevertheless deliberately fails to take appropriate precautions for their safety. The employer's conduct is measured by this test whether he permits his employees to work by a dangerous method (Hawaiian Pineapple), whether he orders them to perform a hazardous job (Keeley), or whether they are allowed to work in a building where any work is dangerous (Mercer)." Rogers Materials Co. v. Industrial Accident Commission, Cal., 48 Cal.Rptr. 129, 408 P.2d 737 (1965).

The California cases, however, were decided under the California statute which provides for increased compensation when the "employee is injured by reason of the serious and willful misconduct of * * * the employer, or his managing representative," LABOR, § 4553, West Annotated California Codes, and willful misconduct is not defined as in the Arizona statute.

Counsel have cited only one case construing the particular language in our statute. The Ohio Supreme Court in 1924 stated:

"The last clause of Section 1465—76 provides as follows:

"'The term "willful act," as employed in this section, shall be construed to mean an act done knowingly and purposely, with the direct object of injuring another.'

"* * * no doubt this definition was embodied in the act because of the number of suits that were being brought in the courts, based upon allegations of willful conduct or upon gross negligence amounting to willful conduct. Under the definition of the term 'willful act,' as now employed in that section, plaintiff is required to plead and prove that the act was 'done knowingly and purposely with the direct object of injuring another.' The language employed is plain and unambiguous. Two requirements are necessary in order to sustain recovery: First, that the act be done knowingly and purposely; and, second, that it be done with the direct object of injuring another." Gildersleeve v. Steel Co., 109 Ohio State

Reports 341, 347, 348, 142 N.E. 678, 680. (1924).

And see also Annotations at 58 A.L.R. 1379, 68 A.L.R. 301.

■ This section defining "employer's wilful misconduct" as an "act done knowingly and purposely with the direct object of injuring another," A.R.S. § 23–1022, was part of the original Workmen's Compensation Act (§ 65, Chapter 83, Session Laws of Arizona 1925) which became effective with the amendment of the Arizona Constitution in the election of 29 September 1925. Article XVIII, § 8, Constitution of Arizona, 1 A.R.S. It is noted that the Arizona legislature enacted this provision of the Workmen's Compensation Law in 1925 after the Ohio case cited above. Our Court has stated:

> "When a statute uses words whose meaning has become well-known and well-settled under judicial decision, it will be presumed that the legislature used such words in the sense justified by long judicial sanction." State v. Jones, 94 Ariz. 334, 336, 385 P.2d 213, 215 (1963).

It would appear that our statute as well as the principles governing the interpretation of the workmen's compensation statutes which provide for suit at common law for the employer's willful misconduct require that. there be deliberate intention as distinguished from some kind of intention presumed from gross negligence. 2 Larson, Workmen's Compensation Law, Sec. 69.20 (1961). The Arizona statute is most restrictive in this regard. It is the opinion of this Court that the facts presented on review, viewed in the light most favorable to the plaintiff-employees, clearly establish the negligence of the defendant-employer but fail to establish that the employer, through its elected officer, acted with the intent required by our statute. A.R.S. § 23–1022. We do not by this opinion approve in any way the conduct of the agents of Statewide Contractors, Inc. in the tragic and seemingly unnecessary events as alleged in the complaint. Neither do we discuss

what recourse, if any, the Industrial Commission could take or have taken in the situation. We must regretfully state that under our statutes the facts do not bring appellants within the exception of A.R.S. § 23–1022.

The judgment is affirmed.

DONOFRIO and STEVENS, JJ., concur.