SHORTRIDGE v BAILEY

Docket No. 80900. Submitted June 10, 1985, at Detroit.—Decided September 4, 1985.

Dana Shortridge had four teeth loosened and two teeth fractured in an automobile accident involving Arthur L. Bailey. Thurman Shortridge, individually and as next friend of Dana Shortridge, brought a negligence action in Macomb Circuit Court against Bailey, alleging that Bailey's negligence resulted in injuries to Dana's teeth. Defendant moved for summary judgment on the basis that plaintiffs had failed to establish either serious impairment of a bodily function or serious permanent disfigurement within the meaning of the no-fault act and accordingly could not bring a negligence action for injuries arising out of the automobile accident. The trial court, Kenneth N. Sanborn, J., granted the motion, finding as a matter of law no serious impairment or serious permanent disfigurement. *Held:*

The trial court properly held that there was neither serious impairment nor serious permanent disfigurement, since it is undisputed that, after her dental work, the injured plaintiff's ability to lead a normal life was not impaired and the nature of the injury to the teeth cannot be said to fall within the type of injury for which the Legislature intended to allow a tort recovery.

Affirmed.

1. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIRMENT OF BODY FUNCTION.

A person has not suffered serious impairment of an important body function within the meaning of the no-fault act where that person sustains cracked and chipped teeth in an automobile accident but there remain no eating or speech problems or other inability to use the mouth following corrective dental work (MCL 500.3135; MSA 24.13135).

REFERENCES FOR POINTS IN HEADNOTES

[1-3] Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

2. INSURANCE — NO-FAULT ACT — TORT LIABILITY — PERMANENT
   SERIOUS DISFIGUREMENT.
   The issue of whether a person has suffered permanent serious
   disfigurement within the meaning of the no-fault act is a
   question of law to be determined by the trial court (MCL
   500.3135; MSA 24.13135).

3. INSURANCE — NO-FAULT ACT — TORT LIABILITY — PERMANENT
   SERIOUS DISFIGUREMENT.
   Chipped teeth is not the type of injury that the Legislature
   intended to be included within the permanent serious disfigure-
   ment provision of the no-fault act (MCL 500.3135; MSA
   24.13135).

*Moss, Sarvis, Gullen & Herrmann* (by *J. Steven Sarvis*), for plaintiffs.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *John B. Geen*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), for defendant.

Before: DANHOF, C.J., and R. B. BURNS and V. J. BRENNAN, JJ.

PER CURIAM. Plaintiffs appeal from the trial court's grant of summary judgment in favor of defendant pursuant to GCR 1963, 117.2(3). The court found no material factual dispute as to the extent of the injuries sustained by plaintiff Dana Shortridge in an automobile collision involving defendant. The court further determined that, as a matter of law, these injuries did not constitute a serious impairment of an important body function or a serious permanent disfigurement within the meaning of the no-fault act. MCL 500.3135; MSA 24.13135. We affirm.

The primary injuries sustained by plaintiff[1] in the accident were to her teeth. Several days after the accident plaintiff consulted her dentist, Dr.

---

[1] "Plaintiff" hereinafter refers only to the injured Dana. Her father's claims are identical to the injured for purposes of this appeal.

Daniel Hull, D.D.S. He discovered that four lower teeth were loosened as a result of trauma. The left lateral incisor was fractured only to the extent of the enamel, and the only treatment required was the smoothing of this tooth back to a natural shape. The lower center incisor was fractured through the enamel dentin and pulpal tissue. In three separate visits, Dr. Hull performed a root canal and built up this tooth with an etch material to restore its appearance and function. Following this restoration, the tooth has returned to a normal function, has a slightly different appearance and is slightly more fragile than a normal tooth.

The accident occurred on Friday, September 18, 1981. Plaintiff returned to school the following Tuesday and resumed playing the trumpet in the school band despite having some discomfort. After the root canal work was completed, by the end of 1981, plaintiff had no eating or speech problems. Because plaintiff failed to establish that her injuries interfered with her ability to lead a normal life, she failed to establish that her injuries constituted serious impairment of an important body function.

Plaintiff also claims that the fractures in her left lower central and lateral incisors constitute permanent serious disfigurement because the damage is permanent and her teeth can only temporarily be made to appear normal.

Although plaintiff properly argues that the Supreme Court's holding in *Cassidy v McGovern*[2] dealt only with the threshold issue of serious impairment of body function, we believe that the Supreme Court's reasoning and analysis apply equally to the threshold issue of permanent seri-

[2] 415 Mich 483; 330 NW2d 22 (1982).

ous disfigurement. The goals of limiting overcompensation for minor injuries and reducing excessive litigation in automobile accident cases apply with equal force to cases involving permanent serious disfigurement. In *Williams v Payne*, 131 Mich App 403, 412; 346 NW2d 564 (1984), this Court held that whether a victim's injuries constituted permanent serious disfigurement was not an issue for the jury to decide.

We do not believe that chipped teeth is the type of injury for which the Legislature intended to allow recovery when it established the threshold of permanent serious disfigurement. Therefore, we hold that the circuit court did not err in granting defendant's motion for summary judgment.

Affirmed. Costs to defendant.