## BOYER v LOUISVILLE LADDER COMPANY, INC

Docket No. 89375. Submitted October 1, 1986, at Marquette. Decided February 17, 1987. Leave to appeal applied for.

Steven Boyer, an employee of Roy Ness Contracting and Sales, Inc., was injured on the job when ropes holding the scaffolding on which he worked snapped. Boyer and his wife brought an action in the Dickinson Circuit Court against Louisville Ladder Company, Inc., Roy Ness Contracting and Sales, Inc., and others. The complaint alleged that Ness Contracting told its employees that safety cable would be provided for the safety of its employees but wilfully and intentionally failed to supply Steven Boyer with the cable. Instead it furnished ropes to be utilized as an inadequate and unsafe substitute, when a reasonable employer having the information known to Ness would believe injury was substantially certain to follow. Ness Contracting filed a motion for summary disposition on the ground that the matters alleged in plaintiffs' complaint gave rise to a claim under the Workers' Disability Compensation Act and that the Bureau of Workers' Disability Compensation had exclusive jurisdiction. The court, Edward J. Quinnell, J., denied the motion. Ness Contracting appealed by leave granted.

The Court of Appeals *held:*

An action by an employee for an intentional tort by an employer is not barred by the exclusive remedy provision of the workers' compensation act. An allegation by a worker that an injury resulted from an employer's failure to provide safe working conditions is essentially a claim that the injury was a result of the employer's negligence and is barred by the exclusive remedy provision of the workers' compensation act. Plaintiffs' complaint cannot be interpreted to allege that Ness Contracting intentionally caused the scaffold to fall. The pleading alleges a cause of action in negligence and is barred by the

REFERENCES

Am Jur 2d, Torts §§ 17 *et seq.*

Am Jur 2d, Workmen's Compensation §§ 52 *et seq.*

What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.

exclusive remedy provision of the Workers' Disability Compensation Act.

Reversed and remanded.

1. WORKERS' COMPENSATION — INTENTIONAL TORTS — EXCLUSIVE REMEDY.

An action by an employee for an intentional tort by an employer is not barred by the exclusive remedy provision of the workers' compensation act; whether a tort was intentional is to be determined by applying the substantial certainty standard, i.e., whether the employer intended the act that caused the injury and knew that the injury was substantially certain to occur (MCL 418.131; MSA 17.237[131]).

2. WORKERS' COMPENSATION — NEGLIGENCE — CONTRACTS — EXCLUSIVE REMEDY.

An allegation by a worker that an injury resulted from an employer's failure to provide safe working conditions is essentially a claim that the injury was a result of the employer's negligence and is barred by the exclusive remedy provision of the workers' compensation act (MCL 418.131; MSA 17.237[131]).

*Lori & Schwedler, P.C.* (by *David J. Lori*), for plaintiffs.

*Weber, Swanson & Wietek* (by *Keith E. Swanson*), for Roy Ness Contracting and Sales, Inc.

Before: ALLEN, P.J., and CYNAR and R. C. LIVO,* JJ.

PER CURIAM. Plaintiff Steven Boyer was injured when a nylon and a hemp rope holding the scaffolding on which he worked snapped.

Plaintiffs started suit against Steven Boyer's employer, appellant Roy Ness Contracting and Sales, Inc. The complaint alleged that Ness told its employees that safety cable would be provided for the safety of its employees but Ness "wilfully and intentionally" failed to supply Steven Boyer with the cable. "[I]nstead [Ness] furnished a rope or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ropes to be utilized as an inadequate and unsafe substitute," when a "reasonable employer having the information known to . . . Ness" would believe injury was "substantially certain to follow," and "direct[ed] and require[d]" Steven Boyer to work on the scaffolding.

Ness filed a motion for summary disposition on the ground that the matters alleged in plaintiffs' complaint gave rise to a claim under the Workers' Disability Compensation Act, and that the Bureau of Workers' Disability Compensation had exclusive jurisdiction. See MCL 418.131; MSA 17.237(131).

The motion was denied. The trial court held that plaintiffs' allegations that Ness acted intentionally with knowledge that injury was substantially certain to follow stated a cause of action for intentional tort which took plaintiffs' allegations out of the exclusive remedy provision of the Workers' Disability Compensation Act. Ness filed this appeal.

Ness contends that a cause of action for intentional tort falls outside the exclusive remedy provision of the Workers' Disability Compensation Act only when it falls outside of the employer-employee relationship. Plaintiffs argue that the exclusive remedy provision does not bar a cause of action for intentional tort as defined at common law. Plaintiffs further argue that their allegation that Ness should have known that injury was substantially certain to follow sufficiently alleged an intentional tort so that summary disposition was properly denied.

In *Beauchamp v Dow Chemical Co,* 427 Mich 1; 398 NW2d 882 (1986), our Supreme Court held that an employee's remedy for intentional torts by an employer is not affected by the exclusive remedy provision of the Workers' Disability Compensation Act.

The Court further held, in agreement with plaintiffs' position, that the Restatement of Torts, 2d, definition of intentional tort applies when determining whether a plaintiff has pled a cause of action for intentional tort. Accordingly, a court must determine whether "the employer intended the act that caused the injury and knew that the injury was substantially certain to occur from the act." 427 Mich 20, 25.

The *Beauchamp* Court cautioned, however, that substantial certainty should not be equated with substantial likelihood. Further, a claim that an injury was caused by failure to provide safe working conditions is essentially a claim that the employee was injured by the employer's negligence. 427 Mich 25.

We acknowledge that plaintiffs have alleged an intentional or deliberate act by the employer ultimately causing harm to the employee. However, we believe that plaintiffs have failed to plead facts constituting an intentional tort.

A mere knowledge and appreciation of the risk involved in an act is not the same as the intent to cause an injury. *Beauchamp, supra.* A result is intended if the act is done with the purposes of accomplishing the result or with knowledge that to a substantial certainty such a result will ensue. *Id.* See *Serna v Statewide Contractors,* 6 Ariz App 12; 429 P2d 504 (1967), and *People v Film Recovery Systems,* cited by the *Beauchamp* Court, 427 Mich 23, as illustrative of the substantial certainty standard.

Plaintiffs' complaint cannot be interpreted to allege that Ness intentionally caused the scaffolding to fall. Read as a whole, the pleading states no more than a cause of action for negligence barred by the exclusive remedy provision of the Workers' Disability Compensation Act.

The motion for summary disposition filed by Ness should have been granted and the matter is reversed and remanded for entry of an order granting the motion for summary disposition.