MORSE v LOOMIS

Docket No. 86476. Submitted June 9, 1986, at Grand Rapids. Decided March 16, 1987.

Samuel E. Morse brought an action in the Muskegon Circuit Court against Deborah L. Loomis seeking to recover for noneconomic damages sustained after plaintiff was injured in an automobile accident. The trial court, R. Max Daniels, J., granted summary disposition in defendant's favor, concluding that plaintiff's injuries did not constitute a serious impairment of body function or permanent serious disfigurement. Plaintiff appeals.

The Court of Appeals *held:*

The Supreme Court's decision in *DiFranco v Pickard,* 427 Mich 32 (1986), decided subsequent to the submission of this case, directs that the trier of fact, rather than the trial court, is to determine whether an injury constitutes a serious impairment of body function whenever the evidence would cause reasonable minds to differ as to the answer. The proper procedure is to remand the case to the trial court for reconsideration of the serious impairment of body function and permanent serious disfigurement issues in light of *DiFranco.*

Remanded.

INSURANCE — NO-FAULT — NONECONOMIC LOSS — SERIOUS IMPAIRMENT OF BODY FUNCTION — PERMANENT SERIOUS DISFIGUREMENT.

The issues whether a person has suffered a serious impairment of body function or permanent serious disfigurement within the meaning of the no-fault act are to be determined by the trier of fact, rather than the trial court, whenever the evidence would cause reasonable minds to differ as to the answer.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

*Libner, Van Leuven & Kortering, P.C.* (by *John A. Braden*), for plaintiff.

*Farr & Oosterhouse* (by *Paul E. Jensen*), for defendant.

Before: R. B. Burns, P.J., and Gribbs and R. I. Cooper,* JJ.

Per Curiam. In this case, plaintiff sought recovery for noneconomic damages sustained after he was injured in an automobile accident. The trial court granted summary disposition, concluding that plaintiff's injuries did not constitute a serious impairment of body function or permanent serious disfigurement.

Subsequent to the submission of this case, the Supreme Court issued its opinion in *DiFranco v Pickard*, 427 Mich 32; 398 NW2d 896 (1986), which substantially altered the decision in *Cassidy v McGovern*, 415 Mich 483; 330 NW2d 22 (1982). Most significantly, the *DiFranco* opinion directs that the trier of fact, rather than the trial court, is to determine whether an injury constitutes a serious impairment of body function whenever the evidence would cause reasonable minds to differ as to the answer. *DiFranco*, p 38. Accordingly, summary disposition will be appropriate in fewer cases than was the case under *Cassidy*. Rather than review this case ourselves, the more appropriate procedure is to remand the case to the trial court for reconsideration in light of *DiFranco*.

While *DiFranco* did not directly deal with the issue of permanent serious disfigurement, this Court has in the past applied *Cassidy* to the disfigurement cases. See *Shortridge v Bailey*, 145 Mich

---

* Circuit judge, sitting on the Court of Appeals by assignment.

App 547; 378 NW2d 544 (1985); *Williams v Payne,* 131 Mich App 403; 346 NW2d 564 (1984). The trial court in the instant case appears to have followed suit and applied *Cassidy* to the serious disfigurement issue as well. Accordingly, we direct the trial court to also reconsider the permanent serious disfigurement issue in light of *DiFranco.*

Remanded for reconsideration in light of *DiFranco.* We do not retain jurisdiction. No costs.