KACHADOORIAN v GREAT LAKES STEEL CORPORATION

Docket No. 93802. Submitted June 10, 1987, at Detroit. Decided May 2, 1988.

George K. Kachadoorian sustained fatal injuries while at work for Great Lakes Steel Corporation. Evelyn Kachadoorian, as personal representative of the decedent's estate, brought a wrongful death action in Wayne Circuit Court against Great Lakes Steel. The trial court, Paul S. Teranes, J., granted summary disposition in favor of defendant, ruling that plaintiff had failed to state a claim upon which relief can be granted. Plaintiff appealed.

The Court of Appeals held:

1. An action by an employee for an intentional tort by an employer is not barred by the exclusive remedy provision of the Workers' Disability Compensation Act where the employer intended the act that caused the injury and knew that the injury was substantially certain to occur.

2. Plaintiff has stated a cause of action with allegations that the decedent was injured while performing a procedure directed by his foreman, which procedure was in violation of defendant's own job-safety analysis, and that defendant had disciplined employees for refusing to perform the procedure. The trial court thus erred in dismissing plaintiff's wrongful death claim.

3. Plaintiff's breach of contract claim is merely a restatement of her tort claim. The trial court therefore did not err in dismissing the contract claim.

4. Plaintiff's claims of negligence and breach of warranty cannot be considered on appeal since they were not addressed by the trial court.

Affirmed in part, reversed in part and remanded for further proceedings.

C. M. FORSTER, J., dissented and would hold that plaintiff

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 50, 51, 52 et seq.

What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.

failed to plead that defendant intended the act that caused the injury and knew that the decedent's injury was substantially certain to occur from the act. Judge Forster would affirm the trial court's dismissal of plaintiff's complaint.

Workers' Compensation — Intentional Torts — Exclusive Remedy Provisions.

    An action by an employee for an intentional tort by an employer is not barred by the exclusive remedy provision of the Workers' Disability Compensation Act; whether a tort was intentional is to be determined by applying the substantial certainty standard, i.e., whether the employer intended the act that caused the injury and knew that the injury was substantially certain to occur (MCL 418.131; MSA 17.237[131]).

*Swanson & Torgow, P.C.* (by *Paul R. Swanson* and *Mikael G. Hahner*), for plaintiff.

*Conklin, Benham, Ducey, Ottaway, Listman & Chuhran, P.C.* (by *Thomas P. Chuhran*), for defendant.

Before: Shepherd, P.J., and M. J. Kelly and C. M. Forster,* JJ.

Shepherd, P.J., On April 3, 1986, plaintiff filed a wrongful death complaint against her late husband's employer, defendant Great Lakes Steel Corporation. Plaintiff's husband died as a result of extensive burns he received when a two-hundred-fifty-ton vessel containing molten steel overflowed while the decedent was working underneath the vessel while the steel was undergoing a process called "blowing." Defendant moved for summary disposition under MCR 2.116(C)(4), (7) and (8). The court granted the motion, concluding that plaintiff had failed to state a cause of action.

In reviewing a grant of summary disposition under MCR 2.116(C)(8), this Court is obliged to accept as true all well-pled facts and to determine

—————————
* Circuit judge, sitting on the Court of Appeals by assignment.

whether plaintiff's claim, on the pleadings, is so
clearly unenforceable as a matter of law that no
factual development could possibly justify a right
to recovery. *Bolton v Jones,* 156 Mich App 642; 401
NW2d 894 (1986).

Generally, an employee's work-related injury
claim against his employer is governed by the
exclusivity provision of the Workers' Disability
Compensation Act, MCL 418.131; MSA 17.237(131).
Michigan Courts have allowed for an exception in
the case of intentional torts. Our Supreme Court
has recently affirmed the exception and addressed
the meaning of "intentional" for purposes of deter-
mining whether an employee may maintain a tort
suit against his employer despite the exclusivity
provision. See *Beauchamp v Dow Chemical Co,* 427
Mich 1; 398 NW2d 882 (1986). In *Beauchamp* the
Court adopted the "substantial certainty" test,
defined the following way:

> The "substantial certainty" line of cases defines
> intentional tort more broadly. An intentional tort
> "is not . . . limited to consequences which are
> desired. If the actor knows that the consequences
> are certain, or substantially certain, to result from
> his act, and still goes ahead, he is treated by the
> law as if he had in fact desired to produce the
> result." It does not matter whether the employer
> wishes the injury would not occur or does not care
> whether it occurs. If the injury is substantially
> certain to occur as a consequence of actions the
> employer intended, the employer is deemed to
> have intended the injuries as well. [*Beauchamp* at
> 21-22.]

The Court also noted the chief problem with the
substantial certainty test:

> Selecting the appropriate intentional tort test is
> difficult. The problem with the substantial cer-

tainty test is that it is difficult to draw the line between substantial certainty and substantial risk. In applying the substantial certainty test, some courts have confused intentional, reckless, and even negligent misconduct, and therefore blurred the line between intentional and accidental injuries. The true intentional tort standard keeps the distinction clear. [*Beauchamp* at 24-25.]

However, the Court found this test better than the true intentional tort test, i.e., the employer intended the specific injury. The Court indicated the chief problem with that test:

The problem with the true intentional tort test appears to be that it allows employers to injure and even kill employees and suffer only workers' compensation damages so long as the employer did not specifically intend to hurt the worker. The facts in the *Film Recovery Systems* case are a good example. Prohibiting a civil action in such a case "would allow a corporation to 'cost-out' an investment decision to kill workers." *Blankenship v Cincinnati Milacron Chemicals,* 69 Ohio St 2d 608, 617; 433 NE2d 572 (1982) (Celebrezze, J., concurring). [*Beauchamp* at 25.]

The Court cited two cases in which the *facts* were examples of what would constitute substantial certainty. In *Serna v Statewide Contractors,* 6 Ariz App 12; 429 P2d 504 (1967), two men were killed when a ditch caved in and buried them alive. In the five months preceding the disaster, inspectors had warned that the sides of the ditches were not sloped properly, the sides were sandy, more shoring was needed, and escape ladders should be placed every twenty-five feet. During that time a cave-in had occurred, burying one of the decedents up to his waist. All warnings were ignored.

In a recent criminal prosecution case, *People v Film Recovery Systems,* decided in Illinois (and discussed in *Beauchamp,* 427 Mich 23), FRS was in the business of recovering silver from film negatives. This was done by placing the negatives into vats of cyanide. Hydrogen cyanide gas bubbled up from the vats and there was inadequate ventilation in the plant. The employer knew about the dangers. The labels on the chemicals being used contained adequate warnings; as a result, the employer hired only employees who could not speak or read English. The workers complained about the fumes daily. In 1981, an inspector had warned that the operation had outgrown the plant. The employer's response was to move the executive offices while tripling the size of the operation. Eventually one worker died and several others were seriously injured because of hydrogen cyanide poison. The corporate officers were convicted of involuntary manslaughter.

In the instant case, plaintiff's complaint has alleged the following: plaintiff's decedent was directed by his foreman to drive his slag-moving machine under the vessel containing molten steel during the "blowing" process; such an order was in violation of defendant's own job-safety analysis; the blowing process frequently caused overflow spills of molten steel; and defendant had disciplined employees for refusing to drive under the vessel during the blowing process, thereby forcing the employee to choose between the substantial certainty of injury and losing his job.

Accepting these statements as true, as we must in reviewing a motion under MCR 2.116(C)(8), we believe plaintiff has stated a cause of action under *Beauchamp.* We note particularly the allegations that the act was in violation of defendant's safety analysis and that spills were frequent. These alle-

gations resemble the sort of safety warnings the employers intentionally ignored in *Serna* and *Film Recovery Systems.* We therefore reverse the court's dismissal of plaintiff's complaint.

We affirm the trial court's dismissal of Count IV, the breach of contract claim, which is merely the tort claim restated in the form of a breach of contract claim. Since the court did not address plaintiff's Count V, claims of negligence and breach of warranty against the manufacturer of the molten steel vessel, we do not address those issues.

Affirmed in part, reversed in part and remanded for further proceedings.

M. J. KELLY, J., concurred.

C. M. FORSTER, J. *(dissenting).* I cannot join in the majority's reversal of the trial court's dismissal of plaintiff's complaint for two reasons.

First, the trial court relied on the holding in *Sewell v Bathey Mfg Co,* 103 Mich App 732; 303 NW2d 876 (1981), when it granted defendant's motion for summary disposition. This decision predated the Supreme Court's ruling in *Beauchamp v Dow Chemical Co,* 427 Mich 1; 398 NW2d 882 (1986). Based on case law then existing, the trial court's decision was correct at the time it was made. I would remand to the trial court for further proceedings in light of *Beauchamp. Morse v Loomis,* 158 Mich App 519; 405 NW2d 404 (1987).

Second, if the trial motion is to be heard by this Court, instead of reviewed on appeal, I find that the facts as set forth in the compliant do not state a cause of action under the *Beauchamp* standard. The *Beauchamp* Court stressed that "substantial certainty should not be equated with substantial likelihood" of injury.

Following the *Beauchamp* opinion, this Court in

*Boyer v Louisville Ladder Co, Inc,* 157 Mich App
716, 719; 403 NW2d 210 (1987), held:

> [A] court must determine whether "the em-
> ployer intended the act that caused the injury and
> knew that the injury was substantially certain to
> occur from the act." 427 Mich 20, 25.
>
> The *Beauchamp* Court cautioned, however that
> substantial certainty should not be equated with
> substantial likelihood. Further, a claim that an
> injury was caused by failure to provide safe work-
> ing conditions is essentially a claim that the em-
> ployee was injured by the employer's negligence.
> 427 Mich 25.
>
> We acknowledge that plaintiffs have alleged an
> intentional or deliberate act by the employer ulti-
> mately causing harm to the employee. However,
> we believe that plaintiffs have failed to plead facts
> constituting an intentional tort.
>
> A mere knowledge and appreciation of the risk
> involved in an act is not the same as the intent to
> cause an injury. *Beauchamp, supra.* A result is
> intended if the act is done with the purposes of
> accomplishing the result or with knowledge that to
> a substantial certainty such a result will ensue.

Plaintiff's complaint fails to plead sufficient facts
to constitute allegations that defendant committed
an intentional tort. Whether tested pursuant to
the *Beauchamp* standard of "substantial cer-
tainty" or in accord with prior case law, plaintiff
was required to plead at a minimum that the
employer intended the act that caused the injury
and knew that the injury was substantially certain
to occur from the act. The acts alleged by plaintiff
do not rise to the level of the *Film Recovery
Systems* case, as contemplated by the Supreme
Court in *Beauchamp, supra,* p 23, to constitute a
substantial certainty of injury.

For these reasons, I would affirm the trial
court's dismissal of plaintiff's complaint.