BURNS, Appellant,

v.

PRESRITE CORPORATION, Appellee.

[Cite as *Burns v. Presrite Corp.* (1994), 97 Ohio App.3d 377.]

Court of Appeals of Ohio,
Ashtabula County.

No. 93–A–1815.

Decided Oct. 3, 1994.

*John E. Duda,* for appellant.

*Christopher A. Holecek,* for appellee.

CHRISTLEY, Presiding Judge.

This is an accelerated appeal from a judgment of the Ashtabula County Court of Common Pleas. In this judgment, the court granted the motion for summary judgment filed by appellee, Presrite Corporation, on the complaint filed by appellant, Patrick D. Burns.

Appellant was employed by appellee as a trim press operator at appellee's plant in Jefferson, Ohio. On August 31, 1989, appellant injured his back as a result of a fall which occurred after appellant jumped off a platform on which he was working in an effort to escape a spray of sparks coming from an induction heater located approximately five feet away from appellant's work station on the platform. The platform stands approximately three to four feet above the factory floor.

The induction heater had sprayed sparks on three or four prior occasions since it was first purchased by appellee in 1987. In order to prevent this from happening, appellee's maintenance staff would tighten the bolts on the induction heater three times a day. Apparently, the sparks resulted from the loosening of

a bolt on the outside of the induction heater, at which point the bolt would come in contact with something, causing a stream of sparks. On the prior occasions in which this sparking action occurred, the sparks had never sprayed in the direction of any employees, and no injuries had ever resulted.

On August 8, 1990, appellant brought the instant action against appellee based upon intentional tort. On March 8, 1993, appellee filed a motion for summary judgment. Appellant filed a brief in response on April 20, 1993. The trial court granted appellee's motion on July 23, 1993, holding that appellant had failed to present evidence which would permit the trier of fact to infer that appellee knew of or anticipated the exact danger to appellant caused by the sparks flying from the induction heater. This appeal followed.

Appellant advances the following assignments of error:

"1. The trial court erred in granting the defendant-appellee employer's motion for summary judgment in this intentional tort case, when the employee has presented evidence meeting the three prong standard set by the Supreme Court in *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100 [522 N.E.2d 489] (1988).

"2. The court erred in granting defendant-appellee's motion for summary judgment when the evidence created a genuine issue of material fact through direct and circumstantial evidence that the employer knew that harm to the employee was a substantial certainty."

Under his first assignment, appellant argues that his deposition testimony sets forth specific facts showing that there is a genuine issue as to whether appellee required appellant to continue working despite knowing that it was substantially certain that appellant would be injured as a result of the dangerous condition of the induction heater. Therefore, he argues summary judgment was improper.

In *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 327, 587 N.E.2d 825, 827, the Supreme Court of Ohio stated:

" 'Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Moreover, ' * * * upon appeal from summary judgment, the reviewing court should look at the record in the light

most favorable to the party opposing the motion.' *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St.3d 54, 58, 24 OBR 135, 138, 493 N.E.2d 239, 242."

The trial court relied upon the tripartite test first set forth in *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, and subsequently modified in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108. The test, as it currently stands, reads as follows:

"1.  Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser & Keeton on Torts (5 Ed.1984), in order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated:  (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation;  (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty;  and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. (*Van Fossen v. Babcock & Wilcox Co.* [1988], 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph five of the syllabus, modified as set forth above and explained.)

"2.  To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence.  As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness.  As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result.  However, the mere knowledge and appreciation of a risk—something short of substantial certainty—is not intent. (*Van Fossen v. Babcock & Wilcox Co.* [1988], 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph six of the syllabus, modified as set forth above and explained.)" *Fyffe, supra,* at paragraphs one and two of the syllabus.

Appellant argues that he put forth sufficient facts to satisfy the three-prong *Van Fossen–Fyffe* test and defeat appellee's motion for summary judgment.

Under the first prong, appellant must demonstrate that appellee had knowledge of the existence of the dangerous process or condition within its plant.  In his deposition, appellant stated that the induction heater had sprayed sparks on three or four prior occasions and that appellee was aware of this.  Appellant stated that appellee regularly tightened the bolts, the loosening of which was alleged to be the cause of the sparking action.  Appellant stated that although a

cover was available to shield the surrounding area from the potential release of sparks from the induction heater, appellee only installed a metal grate in an effort to shield employees from possible exposure to the sparks.

We conclude that appellant satisfied this first prong.

The second prong of the test requires appellant to set forth facts showing that appellee had knowledge that if appellant was subjected by his employment to the dangerous condition, then harm to appellant would be a substantial certainty.

In support, appellant stated that despite appellee's continual effort to tighten the bolts on the induction heater, on three or four occasions, the bolts had nevertheless come loose, causing a spray of sparks to be released. Appellant also argued that appellee's installation of the grate over the heater is further evidence that appellee knew that harm to appellant was a substantial certainty.

Appellee counters by arguing that the prior releases of sparks had never sprayed in appellant's work area or, for that matter, in any employee's direction. As a result, no one had ever been hurt. Appellee argues that even if appellant has demonstrated that the sparking action *could* have caused harm to an employee over the course of time, this is not sufficient to show that such harm was a "substantial certainty."

In *Rolain v. Metal Seal & Products, Inc.* (Sept. 30, 1992), Lake App. No. 92–L–002, unreported, 1992 WL 267436, this court affirmed a summary judgment rendered in favor of an employer on an employee's claim of intentional tort. The employee died when a bundle of aluminum bars fell on him while he was performing his job as a materials handler. In her claim for wrongful death, the employee's spouse argued that the aluminum bars fell after a band securing the bundle snapped. The bands had broken on five or six previous occasions within a five-year period, but only by outside forces, and nobody was ever injured. The employee's spouse argued that the aluminum bars were stacked unsafely, in free-standing columns, nine or ten feet high. Further, employees had complained about the aluminum bars' propensity to shift or fall unexpectedly and had requested that racks be installed to store the bundles more securely.

In affirming the summary judgment, this court stated:

"Mere knowledge and appreciation of a risk short of substantial certainty is not intent. *Fyffe, supra,* at paragraph two of the syllabus. It was not a frequent occurrence for the bands to break and, in fact, no one had ever been injured nor was there a single incident where someone came close to being injured. Moreover, appellant was unable to even prove the cause of the accident but could only speculate that a band holding aluminum rods snapped." *Rolain* at 5.

In the case *sub judice,* the sparking action had occurred on only three or four prior occasions between 1987 and August 1989. No one had ever been injured as

a result of the spray of sparks, and the exact cause of the sparking was never definitively established by appellant.

Furthermore, although in hindsight it appears that the web-like metal grate installed by appellee failed to shield appellant from exposure to the spray of sparks, its installation supports a conclusion that appellee did not know or appreciate that appellant's injury was a substantial certainty.

As the court reiterated in *Fyffe*, " 'the mere knowledge and appreciation of a risk—something short of substantial certainty—is not intent.' " *Fyffe*, 59 Ohio St.3d at 118, 570 N.E.2d at 1112.

Appellant himself conceded in his deposition that appellee did not know that appellant's injury was "substantially certain" to occur:

"Q. You're not saying that anybody from Presrite knew that on August 31, 1989 in the early morning hours on the third shift that sparks would come out from the area, which you described for me, causing you to run from the platform and jump off of it?

"MR. DUDA: Objection.

"Calls for a legal conclusion.

"A. *Nobody knew the furnace was going to spark out of control or [was] aware of the direction that the spark was going to go.*

"Like I said before, if the covers were on there and it did spark they wouldn't go nowhere and harm anybody." (Emphasis added.)

We conclude that the trial court correctly held that appellant failed to establish the elements of an intentional tort, specifically, the element that appellee knew that the harm to appellant caused by a spray of sparks was a substantial certainty.

Appellant's first assignment of error is without merit.

■ Under his second assignment, appellant argues that the trial court erred in requiring him to set forth facts showing that appellee had "actual knowledge of the exact dangers which ultimately caused the injury."

Although our affirmation of the first assignment essentially renders the second assignment moot, we, nevertheless, find it significant enough to address anyway.

In support of this assignment, appellant refers to the *Fyffe* decision, wherein the court indicated that certain language in the *Van Fossen* syllabus had been misinterpreted to mean "that there had to be a finding that the employer had knowledge of the specific harm that might befall the injured employee." *Fyffe*, 59 Ohio St.3d at 117, 570 N.E.2d at 1111. Appellant argues that *Fyffe*'s

modification of the *Van Fossen* syllabus makes it clear that this interpretation is incorrect.

*Fyffe* modified the *Van Fossen* syllabus by eliminating the language suggesting that an employer's knowledge of a "high risk" of harm cannot establish an intentional tort and by eliminating language stating that "where the risk [of harm] is great * * * the employer's conduct may be characterized as recklessness." The court concluded that there may be instances involving a "high risk of harm," or "where the risk of harm is great" that fall within the scope of an intentional tort. *Fyffe,* 59 Ohio St.3d at 117, 570 N.E.2d at 1111.

Appellee refers to the following statement in *Fyffe:*

"We point out that this opinion is not meant to materially change the law as set forth in *Van Fossen, Kunkler* [*v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 522 N.E.2d 477], and *Pariseau* [*v. Wedge Products, Inc.* (1988), 36 Ohio St.3d 124, 522 N.E.2d 511], *supra,* but only to emphasize that the common-law determination of an 'intentional tort' shall be in pursuance of the law set forth within Section 8(A) of the Restatement of the Law 2d, Torts." *Fyffe* at 118, 570 N.E.2d at 1112.

From this, appellee refers to the following statement in *Sanek v. Duracote Corp.* (1989), 43 Ohio St.3d 169, 539 N.E.2d 1114:

"The focus of an intentional tort action under the standards set forth in *Blankenship* [*v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572], *Jones* [*v. VIP Development Co.* (1984), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046], and *Van Fossen, supra,* is on the knowledge of the employer regarding the risk of injury. The plaintiff has the burden of proving by a preponderance of the evidence that the employer had '*actual knowledge of the exact dangers which ultimately caused'* injury. *Van Fossen, supra,* [36 Ohio St.3d] at 112, 522 N.E.2d at 501 (criticizing *Serna v. Statewide Contractors, Inc.* [1967], 6 Ariz.App. 12, 429 P.2d 504)." (Emphasis added.) *Sanek,* 43 Ohio St.3d at 172, 539 N.E.2d at 1117.

Appellee suggests, therefore, that the quoted language from *Sanek* has not been modified by *Fyffe* and, therefore, the trial court was correct in holding that appellant had to set forth facts showing that appellee had actual knowledge of the exact dangers which ultimately caused appellant's injury.

Appellant correctly notes that the quoted language in *Sanek* was first used in *Van Fossen* as part of a discussion of an Arizona appellate case that required a showing of "willful misconduct" for intentional tort. In rejecting this view, the court in *Van Fossen* stated:

"For our particular review here, we conclude that this view is unduly narrow, in that the employer had actual knowledge of the exact dangers which ultimately caused death." *Van Fossen*, 36 Ohio St.3d at 112, 522 N.E.2d at 501.

The court in *Sanek* concluded that an employee has the burden of showing that the employer had actual knowledge of the *exact dangers* which ultimately caused injury. This requirement was not mentioned in *Fyffe*, however. Rather, *Fyffe* concluded that an employee did not need to show that the employer had knowledge of the *specific harm* that might befall the injured employee.

We conclude that the language in *Sanek* and that in *Fyffe* are not in conflict. The "exact danger" language in *Sanek* refers to the dangerous condition or process to which the employee must be exposed. The "specific harm" language in *Fyffe* refers to the type of injury received by an employee. We conclude that the "exact danger" language in *Sanek* is simply a restatement of what proof is necessary to satisfy the first and second prongs of the *Van Fossen* and *Fyffe* test, *i.e.*, the employee must demonstrate knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation, and that harm is substantially certain to result from it. See *Ailiff v. Mar–Bal, Inc.* (1990), 62 Ohio App.3d 232, 238, 575 N.E.2d 228, 232.

In light of our interpretation above, we conclude that the trial court erred in finding that appellant had presented no evidence of the exact danger which ultimately caused his injury. A careful reading of the trial court's judgment reveals that the court was requiring appellant to show that appellee had knowledge of the specific *harm* which would result from the spraying sparks. This requirement was rejected by the court in *Fyffe*.

In the within càse, the "exact danger" was the spray of sparks from the induction heater which caused appellant's injury. That dangerous condition was known by appellee. However, in light of our disposition of appellant's first assignment of error, the second assignment is harmless error.

The judgment of the trial court's is affirmed.

*Judgment affirmed.*

Joseph E. Mahoney and Nader, JJ., concur.